IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. Cr-H-09-629 |
| JOHN JOSEPH O'SHEA,<br>　　Defendant. | §<br>§<br>§ | |

**MOTION TO DISMISS INDICTMENT FOR VIOLATIONS OF *BRADY V. MARYLAND*
OR IN THE ALTERNATIVE, FOR SANCTIONS**

The government's purposeful suppression of materials subject to *Brady v. Maryland*, 373 U.S. 83 (1963) warrants dismissal of the Indictment. Mr. O'Shea has repeatedly requested all information the government has related to this case, and this Court has issued a broad Order for Disclosure on April 11, 2011 (Docket No. 54). But the government continues to hide relevant evidence from Mr. O'Shea's counsel.

**A.    The Indictment should be dismissed for suppression of *Brady* materials.**

Mr. O'Shea has previously requested depositions of CFE employees said to have accepted bribes from Mr. O'Shea's employer because they play a key role in the defense of the case. The government has always insisted that it had no control over the CFE employees, and that the Mexican government and CFE were not cooperating. Ex. A, Excerpt from Hr'g Tr. 19:2-4, Sept. 30, 2010 (regarding witnesses, prosecutor Nicola Mrazek stated that "[N]o government officials at this point have volunteered, Your Honor. I'll let you know as soon as I hear that they're willing to come in and fess up.").

**1.      Government met with CFE and failed to disclose the meeting or the memorandum prepared after the meeting.**

Defense counsel has just learned that in the related Central District of California case, *United States v. Enrique Faustino Aguilar Noriega, et al.*, CR 10-1031 (A)-AHM, the government disclosed on March 19 to the defendants' counsel there that it had met the previous month with representatives from the Comisión Federal de Electricidad ("CFE"). Specifically, on February 11, 2011, government prosecutors Douglas M. Miller, Nicola J. Mrazek, and Jeffrey Goldberg met in Los Angeles at the U.S. Attorney's Office for seven-and-one-half hours with:

- Lic. Fernando Bueno Montalvo, Director de Administracion – CFE
- Lic. Abel Huitron Rosete, Abogado General – CFE
- Lic. Mariano Ornelas Lopez, Direccion de Administracion – CFE
- Oswaldo Parra Lira, PGR
- Jaime Ortiz, Regaional Attache – PGR
- Rodolfo Mendoza, Special Agent
- Farrell Binder, Special Agent – FBI
- Elizabeth Sebeski, Paralegal Specialist – DOJ
- Sharon Spence, Court Interpreter
- Elisa Cabal, Court Interpreter

Following the meeting, Special Agent Rodolfo Mendoza listed this information and a short summary of the meeting in a six-paragraph Internal Revenue Service Criminal Investigation Division Memorandum of Contact ("Mendoza Memo"), and eventually produced it to the defendants in that case. The defendants in that case sought *Brady* sanctions because of the delay in producing the memorandum on the eve of trial. Their filing, which the undersigned counsel happened to find yesterday while reviewing the docket report in that case, attached the Mendoza Memo. Ex. B, Mot. to Dismiss at 6-8, *United States v. Enrique Faustino Aguilar Noriega, et al.*, CR 10-1031 (A)-AHM (C.D. Ca. Mar. 22, 2011). To date, the government has never produced this document to undersigned counsel or mentioned either its existence or that such a meeting has taken place.

The purpose of the meeting was apparently to interview the three attending representatives of CFE. The number of attendees at the interview and their titles alone—including Mrazek and two other U.S. prosecutors—as well as the length of the interview suggest the importance of the meeting. The general counsel of CFE, Abel Huitron Rosete, was one of the CFE representatives present.

The Mendoza Memo indicates that the CFE representatives came to the meeting prepared to engage in a discussion about the relationship between CFE and Lindsey Manufacturing Company ("LMC")—one of the defendants in the California case. The CFE representatives brought with them spreadsheets detailing at least 35 contracts between LMC and CFE and providing information on whether the contracts conformed to CFE contracting processes. They also brought PowerPoint presentations providing general background information about CFE and the process by which it contracts with outside vendors and suppliers. Both the spreadsheets and PowerPoint presentation, which are attached with the Mendoza Memo as Exhibit C to this Motion, are in Spanish, but the attendees had the benefit of two court interpreters during the meeting.[1]

According to the *Brady* motion in the California case, the time period covered in the meeting regarding CFE contracting with LMC corresponds with the time period during which Enrique Aguilar served as a sales agent for LMC. The government alleges in the instant case that Aguilar signed invoices requesting payment on behalf of both Sorvill International and Obras Maritimas, and alleges that no actual work was performed by either entity. *See* Indictment

---

[1] The five pages of spreadsheets, in Spanish, do not bear any identification of who prepared them or furnished them to the government. The three generic, informational PowerPoint presentations, also in Spanish, total about 50 slides. They are background presentations about CFE, electric power transmission and contracting procedures. The first is entitled "El Abastecimiento en la CFE." It is an overview of the electric power supply functions of CFE. The second is called "Procedimiento de Contratacion Publica en Mexico," or "Public Procurement Procedures in Mexico." It is an overview of the way public contracts are let in Mexico. The third is "Acerca de CFE," or "About CFE." It appears to be an overview of the company. Each bears the CFE logo and slogan.

at 19. On that basis, the government offered Fernando Maya Basurto ("Basurto Jr.") as a witness in the California case. Further, according to the defendants' motion, the meeting focused on the legitimacy of CFE employees' practice of direct hiring of vendors in a project, bypassing CFE's main contractor. *See* Ex. B, Mot. to Dismiss at 6-8. The CFE representatives at the meeting apparently informed the government that the practice was not inherently suspicious. *Id*. at 8. Because Sorvill International and Obras Maritimas were allegedly directly hired, this evidence is exculpatory to Mr. O'Shea.

Because the information provided by the three CFE representatives to three federal prosecutors, two federal law enforcement agents and one Department of Justice ("DOJ") paralegal is classic exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), a notice of a planned meeting should have been provided to the defense immediately, before February 11th. Instead, the prosecutors never produced this exculpatory information—defense counsel had to discover it on their own once the meeting was over.

### 2. The government's actions amount to misconduct and a violation of Mr. O'Shea's constitutional rights.

The dictates of *Brady* are clear. If the government has exculpatory information, it must disclose it promptly. Failure to do so is a constitutional violation. Unfortunately, the government has ignored its constitutional obligations. The government has had every opportunity to disclose this information to Mr. O'Shea's counsel, but instead the government has hidden the fact that it scheduled and held a meeting with CFE officials. In fact, the government's conduct amounts to a purposeful and unilateral denial of access to the witnesses at the heart of the allegations against Mr. O'Shea: the CFE officials that allegedly demanded bribes from ABB/Bailey and/or its agent.

Mr. O'Shea has previously requested depositions of CFE employees because they play a key role in the defense of the case. The government has always insisted that it had no control over the CFE employees, and that the Mexican government and CFE were not cooperating. For instance, when undersigned counsel raised the issue of deposing or subpoenaing CFE officials at a scheduling conference on September 30, 2010, Ms. Mrazek suggested that pretrial discovery was impossible, and as to such witnesses' potential presence at trial, stated that "[N]o government officials at this point have volunteered, Your Honor. I'll let you know as soon as I hear that they're willing to come in and fess up." Ex. A, Excerpt from Hr'g Tr. 19:2-4, Sept. 30, 2010. The government has never suggested that time was a factor in obtaining such discovery, and in fact, it has pushed for an expedited trial. *See, e.g.*, Government's Resp. to Def.'s Mot. to Continue (Docket No. 14) (requesting a trial date for April 2010—approximately five months after the grand jury returned an indictment).

Yet in the related FCPA case being tried in the Central District of California, *United States v. Enrique Faustino Aguilar Noriega, et al.*, CR 10-1031 (A)-AHM, when the Court inquired why the government did not depose CFE representatives, Ms. Mrazek responded that because Mexican law does not allow an official to testify, the government would have had to conduct a Rule 15 deposition—which the government did not have enough time to do. *See* Ex. D, Trial Tr. 742:8-14, *United States v. Aguilar Noriega, et al.*, Cr. 10-1031, Apr. 7, 2011.

Mr. O'Shea learned yesterday that not only was such discovery possible to obtain from CFE officials, but the government had in fact obtained similar discovery from CFE, in the United States, without informing Mr. O'Shea or giving undersigned counsel the opportunity to attend. And, even after aggressively pursuing as relevant at trial the Aguilar connection between this

5

case and the California case, the government withheld even the rather meager description of the day-long meeting with CFE.

This simultaneous withholding of exculpatory information coupled with misrepresentations regarding the availability of such evidence has prevented the defense from deposing or meeting with CFE representatives or witnesses about the case, and obtaining key evidence to refute the government's key allegations in this case.  This entire case hinges on factual information and legal issues regarding CFE.  The government's failure to disclose this *Brady* material amounts to prosecutorial misconduct and a due process violation warranting dismissal of the Indictment against Mr. O'Shea.  *See Brady v. Maryland*, 373 U.S. 83 (1963).

**B.    Mr. O'Shea should be allowed to depose the CFE representatives.**

If the Court does not agree that the government's misconduct is egregious enough to warrant a dismissal, then the Court should alternatively allow Mr. O'Shea's counsel the opportunity to depose the CFE representatives under Federal Rule of Criminal Procedure 15.  The government's meeting with CFE allowed it to obtain information from individuals related to this case who are unavailable to Mr. O'Shea.  If CFE were a domestic entity, Mr. O'Shea could subpoena the representatives for trial.  But because CFE is a foreign entity and its representatives are Mexican citizens over whom there is no right of process, the representatives must be deposed.

Had the defense had this information about the CFE meeting, it could have petitioned the Court to allow undersigned counsel to depose the CFE officials, sought other evidence to corroborate this information, and followed through with its own investigation.  There is no sound reason and no justification for the government's suppression of this favorable evidence.

C.      **The Court should exclude co-conspirator hearsay.**

As a second alternative, the Court should exclude any co-conspirator hearsay from Fernando Maya Basurto and Fernando G. Basurto (collectively, the Basurtos). The government has not listed any CFE representatives as witnesses and will be forced to adduce testimony from the Basurtos regarding CFE. The Court should instruct the government's witnesses, the Basurtos, not to testify, refer, mention, or in any way allude to any statements made to them by CFE employees.

Accordingly, Mr. O'Shea requests that the government be precluded from introducing any co-conspirator hearsay under Federal Rule of Evidence 801(d)(2)(E). Fed. R. Evid. 801(d)(2)(E). According to a report provided to Mr. O'Shea by the government, the Internal Controllership Office of the Federal Commission of Electricity has found no responsibility on the part of CFE employees and through witness interviews has determined that the assigned work was performed and that there were no illegal payoffs. The Basurtos should not be allowed to falsify stories about what CFE workers have said to enhance Basurto Jr.'s position with the government without the defense having the opportunity to examine the very individuals on whose behalf the Basurtos will attempt to speak.

D.      **Instruct the jury regarding the government's suppression of evidence.**

Under either of the alternative sanctions above—allowing the defense to depose CFE representatives or excluding co-conspirator hearsay—the jury should be instructed that the prosecution withheld exculpatory evidence from the defense, contrary to its obligations.

E.      **Conclusion**

Because of the government's *Brady* violations, the Court should dismiss the Indictment. As a first alternative, the Court should allow the defense to depose the CFE representatives. As a

7

second alternative, the Court should exclude any co-conspirator hearsay by instructing the government's witnesses, the Basurtos, not to testify, refer, mention, or in any way allude to any statements made to them by CFE employees. And under either of these sanction alternatives, the Court should also instruct the jury that the government has withheld exculpatory materials from the defense.

Respectfully submitted,

/s/ Joel Androphy
Joel Androphy
State Bar No. 01254700
S.D. Tex. 53457
Sarah M. Frazier
State Bar No. 24027320
S.D. Tex. 27980
Ashley Gargour
State Bar No. 24065272
S.D. Tex. 1040478
Berg & Androphy
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785
Email: jandrophy@bafirm.com
Email: sfrazier@bafirm.com
Email: agargour@bafirm.com

**ATTORNEYS FOR DEFENDANT**
**JOHN JOSEPH O'SHEA**

## CERTIFICATE OF SERVICE

On April 25, 2011, a true and correct copy of the foregoing document was served on counsel electronically through the CM/ECF System.

/s/ Sarah M. Frazier