UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal No. H-09-629 |
| | § | |
| JOHN O'SHEA | § | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTION

The United States files the attached proposed jury instructions for the Foreign Corrupt Practices Act counts.

    Respectfully submitted,

    KENNETH MAGIDSON
    United States Attorney

    DENNIS MCINERNEY
    Chief
    Criminal Division, Fraud Section
    NICOLA MRAZEK
    Senior Trial Attorney

    \s\ Gregg Costa
    GREGG COSTA
    Assistant United States Attorney

## Foreign Corrupt Practices Act — Elements

O'Shea is charged in Counts Two through Thirteen with violating the Foreign Corrupt Practices Act ("FCPA"). It is a federal crime to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his or her official capacity or securing any improper advantage in order to obtain or retain business.

A defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The defendant was a citizen of the United States or an employee or agent of a "domestic concern," which includes a corporation with its principal place of business in the United States or which is organized under the laws of a State;

(2) The defendant acted corruptly;

(3) The defendant made use of the mails or any means or instrumentality of interstate or foreign commerce in furtherance of an unlawful act under this statute;

(4) The defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

(5) That the payment or gift was (a) to a foreign official or (b) to any person

and the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

(6)   That the payment was for one of the following purposes:

— to influence any act or decision of the foreign official or induce the foreign official to influence any act or decision of such government, department, agency, or instrumentality;

— to secure any improper advantage; and

(7)   That the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person or corporation.

An act is "corruptly" and "willfully" done if done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means. The defendant does not have to be aware of the existence of the FCPA itself, but the defendant must have proceeded with the knowledge that he was doing a "bad" act under the general rules of law, doing an act with a bad purpose, or taken the action without any ground to believe that it was lawful. The term "corruptly" in the Foreign Corrupt Practices Act is intended to connote that the offer, payment, or promise was intended to induce the foreign official to misuse his official position.

The term "interstate or foreign commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State. I instruct you that, as a matter of law, using a U.S. bank constitutes the use of a means or instrumentality of interstate commerce.

The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality. An "instrumentality" of a foreign government includes state-owned or state-controlled companies.

<u>Payments to Third Parties – "Knowing" – Defined</u>

Provided all the other elements are present, an offer to pay, payment, promise to pay, or authorization of payment is unlawful under the Foreign Corrupt Practices Act if it is made to "any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official."

For the purposes of this section, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur. A person is deemed to have such knowledge if the evidence shows that he was aware of a high

probability of the existence of such circumstance, unless he actually believes that such circumstance does not exist.

### Offer or Promise Sufficient

A promise to pay and the authorization of payment are also prohibited by the Foreign Corrupt Practices Act. It is not necessary that the payment actually take place. It is sufficient simply if the defendant believed that a bribe would be paid and that he promised or authorized the bribe to be paid.

### "Obtaining or Retaining Business" – Explained

The Foreign Corrupt Practices Act's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a prohibition against corrupt payments related to the execution or performance of contracts or the carrying out of existing business.

### Solicitation of Bribe Not a Defense – Explained

It does not matter who suggested that a corrupt offer, payment, promise, or gift be made. The Act prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it. It is not a defense that the payment was demanded on the part of a government official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Government's Proposed Jury Instructions was filed electronically and served via Notice of Electronic Filing on counsel for the defendants on October 28, 2011

By:     /s/ Gregg Costa
Gregg Costa
Assistant U. S. Attorney
