IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. Cr-H-09-629 |
| | § | |
| JOHN JOSEPH O'SHEA, | § | |
| Defendant. | § | |

## DEFENDANT'S PROPOSED POST-TRIAL JURY INSTRUCTIONS

Defendant John Joseph O'Shea submits to the Court the following Proposed Post-Trial

Jury Instructions. Defendant reserves the right to add or withdraw certain instructions at anytime

without prejudice.

Respectfully submitted,

BERG & ANDROPHY

/s/ Joel Androphy
Joel Androphy
State Bar No. 01254700
S.D. Tex. 53457
Sarah M. Frazier
State Bar No. 24027320
S.D. Tex. 27980
Ashley Gargour
State Bar No. 24065272
S.D. Tex. 1040478
Berg & Androphy
3704 Travis Street
Houston, Texas 77002-9550
Telephone:  713-529-5622
Facsimile:  713-529-3785
E-mail: jandrophy@bafirm.com
E-mail: sfrazier@bafirm.com
E-mail: agargour@bafirm.com

**ATTORNEYS FOR DEFENDANT**
**JOHN JOSEPH O'SHEA**

## <u>CERTIFICATE OF SERVICE</u>

On October 28, 2011, a true and correct copy of this document was served on counsel electronically through the CM/ECF System.


<u>/s/ Joel Androphy</u>
Joel Androphy

## INDEX OF DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Duty to Follow Instructions ................................................................................................. 4

Presumption of Innocence, Burden of Proof, Reasonable Doubt ................................. 5

Evidence—Excluding What Is Not Evidence ..................................................................... 6

Evidence—Inferences—Direct and Circumstantial .......................................................... 7

Credibility of Witnesses ........................................................................................................ 8

Character Evidence ............................................................................................................... 10

Impeachment by Prior Inconsistencies ............................................................................. 11

Impeachment by Evidence of Untruthful Character ....................................................... 12

Accomplice—Informer—Immunity ................................................................................... 13

Accomplice—Co-Defendant—Plea Agreement .............................................................. 14

Expert Witnesses .................................................................................................................. 15

On or About ........................................................................................................................... 16

Caution—Consider Only Crime Charged ......................................................................... 17

Caution—Punishment .......................................................................................................... 18

Single Defendant—Multiple Counts .................................................................................. 19

Duty to Deliberate ................................................................................................................ 20

Unanimity of Theory ............................................................................................................ 22

Similar Acts ........................................................................................................................... 23

Summaries and Charts Not Received In Evidence .......................................................... 24

No Adverse Inference When Defendant Does Not Testify ............................................. 25

Foreign Corrupt Practices Act ............................................................................................ 26

   First Element—Domestic Concern .............................................................................. 28

   Second Element—Interstate Commerce ..................................................................... 29

   Third Element—Corruptly and Willfully ................................................................... 30

   Fourth Element—Payment or Offer, Promise, or Authorization of Payment of Anything of
   Value ................................................................................................................................. 31

   Fifth Element—Foreign Official ................................................................................... 32

   Sixth Element—Knowing ............................................................................................. 33

   Seventh Element—Purpose of the Payment .............................................................. 34

   Eighth Element—Business Nexus ............................................................................... 35

Affirmative Defense—Reasonable Bona Fide Expenditure .......................................... 36

## DEFENDANT'S PROPOSED POST-TRIAL JURY INSTRUCTIONS

### POST-TRIAL INSTRUCTION NO. 1

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

U.S. Fifth Circuit 1.04 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 2

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify]. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

U.S. Fifth Circuit 1.05 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 3

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

U.S. Fifth Circuit 1.06 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 4

### EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

ALTERNATIVE A

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

ALTERNATIVE B

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.


U.S. Fifth Circuit 1.07 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than

on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

U.S. Fifth Circuit 1.08 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 6

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, the jury should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

U.S. Fifth Circuit 1.09 (2001 ed.).

**POST-TRIAL INSTRUCTION NO. 7**

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

U.S. Fifth Circuit 1.10 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 8

## IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER

You have heard the testimony of _____.  You also heard testimony from others concerning [their opinion about whether that witness is a truthful person or the witness's reputation, in the community where the witness lives, for telling the truth].  It is up to you to decide from what you heard here whether _____ was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all the other factors already mentioned.

U.S. Fifth Circuit 1.13 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 9

## ACCOMPLICE—INFORMER—IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

U.S. Fifth Circuit 1.14 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 10

### ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, ~~named as a co-defendant in the indictment,~~ with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence than the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

U.S. Fifth Circuit 1.15 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 11

### EXPERT WITNESSES

During the trial you heard the testimony of _____, who has expressed opinions concerning _____. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

U.S. Fifth Circuit 1.17 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 12

## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

U.S. Fifth Circuit 1.18 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 13

### CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

U.S. Fifth Circuit 1.19 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 14

### CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

U.S. Fifth Circuit 1.20 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 15

### SINGLE DEFENDANT—MULTIPLE COUNTS

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.


U.S. Fifth Circuit 1.21 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 16

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges-judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form verdict has been prepared for your convenience.

[Explain verdict form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.


U.S. Fifth Circuit 1.24 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 17

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Count____.

Count ____ of the indictment accuses the defendant of committing the crime of _____ in [e.g., three] different ways.  The first is that the defendant _____.  The second is that the defendant _____.  The third is that the defendant _____.

The government does not have to prove all of these for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt on one is enough.  But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved.  All of you must agree that the government proved beyond a reasonable doubt that the defendant _____; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant _____; or all of you must agree that the government proved beyond a reasonable doubt that the defendant _____.

U.S. Fifth Circuit 1.25 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 18

### SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.


U.S. Fifth Circuit 1.30 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 19

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case.  These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

U.S. Fifth Circuit 1.43 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 20

### NO ADVERSE INFERENCE WHEN DEFENDANT DOES NOT TESTIFY

There are three basic rules about a criminal case which you should keep in mind.

First, the Defendant is presumed innocent until proven guilty. The indictment against the Defendant brought by the Government is only an accusation, nothing more. It is not proof of guilt of anything else. The Defendant therefore starts out with a clean slate.

Second, the burden of proof is on the Government until the very end of the case. The Defendant has no burden to prove his innocence, or to present any evidence, or testify. Since the Defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the Defendant may not have testified.

Third, the Government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Thank you for your attention.

U.S. Fifth Circuit 1.01 pp. 7–8 (2001 ed.).

## POST-TRIAL INSTRUCTION NO. 21

## FOREIGN CORRUPT PRACTICES ACT

### 15 U.S.C. § 78dd-2

Counts Two through Thirteen of the Indictment charge Defendant John O'Shea with violations of the Foreign Corrupt Practices Act, abbreviated "FCPA."

The elements you are required to find for a violation of the FCPA will be defined for you in the following instructions.  This offense has eight elements:

First, that the defendant was a "domestic concern" or an officer, director, employee, or agent of a "domestic concern," which is a term I will describe for you shortly;

Second, that the defendant with respect to the charged conduct specifically intended to make use of the mails or means of interstate commerce;

Third, that the defendant acted corruptly and willfully, terms which I will also describe for you shortly;

Fourth, that the defendant specifically intended to act in furtherance of a payment—or an offer, promise or authorization for payment—or an offer, gift, promise to give or authorization of the giving of anything of value;

Fifth, that CFE employees were "foreign officials," which is a term I will describe for you shortly;

Sixth, the defendant knew that all or a portion of the payment was to be offered, given, or promised, directly or indirectly, to a foreign official;

Seventh, that the payment was specifically intended to be for one of three purposes: (1) to influence an act or decision of the foreign public official in his or her official capacity; (2) to induce the foreign public official to do or omit to do any act in violation of that official's lawful

duty; or (3) to induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; and

Eighth, that the payment was specifically intended to obtain or retain business for or with, or directing business to, any person.


**Notes:**

Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.).

## POST-TRIAL INSTRUCTION NO. 22

## FIRST ELEMENT—DOMESTIC CONCERN

For the first element, a person cannot be found to have violated the FCPA unless he or she is a "domestic concern" or is an officer, director, employee, or agent of a "domestic concern." A "domestic concern" is defined to include any individual who is a citizen, national, or resident of the United States.

**Notes:**

Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.).

## POST-TRIAL INSTRUCTION NO. 23

## SECOND ELEMENT—INTERSTATE COMMERCE

For the second element, the person must have specifically intended to make use of the mails or means of interstate commerce.  As used in the FCPA, the term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place or ship outside thereof, and such term includes the intrastate use of (A) a telephone or other interstate means of communication, or (B) any other interstate instrumentality.

**<u>Notes:</u>**

15 U.S.C. § 78dd-2(h)(5) (defining interstate commerce as used in the FCPA); *see* U.S. Fifth Circuit 1.39 (2001 ed.) (defining interstate commerce as commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia).

## POST-TRIAL INSTRUCTION NO. 24

## THIRD ELEMENT—CORRUPTLY AND WILLFULLY

The third element of a violation of the FCPA is that the person specifically intended to act "corruptly" and "willfully."  The government must prove beyond a reasonable doubt that the defendants acted both "corruptly" and "willfully."

### <u>Corruptly</u>

A person acts "corruptly" if he acts voluntarily and intentionally, with a bad, wrongful, or improper purpose or evil motive and a specific intent to influence a foreign official to misuse his or her official position to achieve an unlawful result, or a lawful result by some unlawful method or means.

### <u>Willfully</u>

A person acts "willfully" if he acts deliberately and with the specific intent to do something that the Unites States laws forbid, that is, with a bad purpose to disobey or disregard the law.  In other words, the government must prove that the Defendant acted with knowledge that his conduct violated United States laws.

**<u>Notes:</u>**

<u>Corruptly:</u>      Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.); *see United States v. Kozeny*, 493 F. Supp. 2d 693, 704 (S.D.N.Y. 2007) (defining "corruptly" as being beyond the element of "general intent" present in most criminal statutes and defining it as "a bad or wrongful purpose and an intent to influence a foreign official to misuse his official position"), *aff'd*, 541 F.3d 166 (2d Cir. 2008); S. Rep. No. 95-114, at 10 (1977) (According to the Senate Report for the FCPA, "[t]he word 'corruptly' connotes evil motive or purpose, an intent to wrongfully influence the recipient.").

<u>Willfully:</u>      Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.); *Bryan v. United States*, 524 U.S. 184, 191 (1998) (holding that to prove that a defendant acted "willfully," the government must prove that the defendant knew his conduct was unlawful); *United States v. Kay*, 513 F.3d 432, 448-50 (5th Cir. 2007) (holding that proving a defendant acted "willfully" requires the government to prove that the defendant knew his conduct was unlawful).

## POST-TRIAL INSTRUCTION NO. 25

## FOURTH ELEMENT—PAYMENT OR OFFER, PROMISE, OR AUTHORIZATION OF PAYMENT OF ANYTHING OF VALUE

For the fourth element, the person must also have specifically intended to act in furtherance of a payment or an offer, promise, or authorization of payment of money, or an offer, gift, promise to give or authorization of the giving of anything of value.

The payment or authorization thereof need not be in the form of money. The phrase "anything of value" means any item, whether tangible or intangible, that the intended recipient considered to be valuable. Thus, objects, items, or something that provides a benefit, such as a service, is sufficient to satisfy this element.

You should further note that the FCPA does not prohibit payments intended solely as a reward to a foreign official for past acts.  Nor does the FCPA prohibit payments intended solely to buy favor or generalized goodwill from a foreign official who has been, is, or may at some unknown later time be in a position to act favorably on the giver's interests.


**Notes:**

Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.).

## POST-TRIAL INSTRUCTION NO. 26

## FIFTH ELEMENT—FOREIGN OFFICIAL

The fifth element of a violation of the FCPA is that the person knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to any foreign official.  The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency or instrumentality.


**Notes:**

*See* 15 U.S.C. § 78dd-2(h)(2)(A) (defining foreign official).

## POST-TRIAL INSTRUCTION NO. 27

## SIXTH ELEMENT—KNOWING

The sixth element of a violation of the FCPA is that the person knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to any foreign official.  The FCPA provides that a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if:

i. such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or

ii. such person has a firm belief that such circumstance exists or that such a result is substantially certain to occur.

The government must prove that Defendant knew that the intended recipient of a payment was a foreign official.

**Notes:**

15 U.S.C. § 78dd-2(h)(3)(A) (defining knowing as used in the FCPA); *See* Stipulation re: Further Briefing Regarding Jury Instructions, *United States v. Carson*, No. SA CR 09-00077-JVS (C.D. Ca. Sept. 21, 2011) (stipulation between the government and the defense that the answer to the court's question, "Must he [the defendant] know that the individual is in fact a government official?" is "yes").

## POST-TRIAL INSTRUCTION NO. 28

## SEVENTH ELEMENT—PURPOSE OF THE PAYMENT

The seventh element of a violation of the FCPA is that the payment, gift, promise, or authorization thereof was for one of three purposes:

(1) to influence any act or decision of a foreign public official in his or her official capacity;

(2) to induce a foreign public official to do or omit to do any act in violation of that official's lawful duty; or

(3) to induce that foreign official to use his or her influence with a foreign government thereof to affect or influence any act or decision of such government.

One of these purposes must have been the reason for the payment, gift, or promise. The government must show that the payment, gift, or promise was knowingly offered to a foreign official with the specific intent and subjective expectation that, in exchange for the payment, gift, or promise, some act of a public official would be influenced. The payment, gift, or promise must be given with more than some generalized hope or expectation of ultimate benefit on the part of the defendant. Rather, the payment, gift, or promise must be offered with the specific intent and design to influence official action in exchange for the donation. There must be an actual, explicit "quid pro quo."

**Notes:**

Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.) ; *see United States v. Kay*, 359 F.3d 738, 743-44 (5th Cir. 2004) (recognizing the vagueness of the "business nexus" element and the possibility that the *quid pro quo* requirement was "meant to distinguish acts of a foreign official in his official capacity from acts in his private capacity"); *see also* Brief for Appellee United States at *50-51, *United States v. Kay*, 513 F.3d 432 (5th Cir. 2007), (Nos. 05-20604, 05-20606) 2006 WL 5582336 (acknowledging the necessity of an explicit *quid pro quo* from bribes).

## POST-TRIAL INSTRUCTION NO. 29

## EIGHTH ELEMENT—BUSINESS NEXUS

The final element of a violation of the FCPA is that a payment, gift, offer, promise, or authorization thereof was to be made for the specific purpose of assisting in obtaining or retaining business for any person or company.  As with the seventh element, above, the payment, gift, or promise must be given with more than some generalized hope or expectation of ultimate benefit on the part of the defendant.  Rather, the payment, gift, or promise must be offered with the specific intent and design to influence official action in exchange for the donation.  There must be an actual, explicit *quid pro quo*.

**Notes:**

Adapted from jury instructions in *United States v. Bourke*, S2 05-cr-518 (SAS) (S.D.N.Y.); *see United States v. Kay*, 359 F.3d 738, 743-44 (5th Cir. 2004) (recognizing the vagueness of the "business nexus" element and the possibility that the *quid pro quo* requirement was "meant to distinguish acts of a foreign official in his official capacity from acts in his private capacity"); *see also* Brief for Appellee United States at *50-51, *United States v. Kay*, 513 F.3d 432 (5th Cir. 2007), (Nos. 05-20604, 05-20606) 2006 WL 5582336 (acknowledging the necessity of an explicit *quid pro quo* from bribes).

## POST-TRIAL INSTRUCTION NO. 30

### AFFIRMATIVE DEFENSE—REASONABLE BONA FIDE EXPENDITURE

The Defendant has raised the affirmative defense that the payments were reasonable bona fide expenditures.  Payments are reasonable bona fide expenditures if they were incurred by or on behalf of a CFE employee and were directly related to the promotion, demonstration, or explanation of products or services; or the execution or performance of a contract with CFE.

The defendant has the burden of proving by a preponderance of evidence that the payments made were reasonable bona fide expenditures.  To prove something by a preponderance of the evidence means to prove that it is more likely so than not so.  This is a much lesser burden of proof than to prove something beyond a reasonable doubt.  "Preponderance of evidence" is determined by considering all the evidence and deciding which evidence is more convincing.  You should consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The fact that the defendant has raised this defense does not relieve the government of its initial burden of proving beyond a reasonable doubt all elements of the FCPA.

**Notes:**

*See* 15 U.S.C. § 78dd-2(c)(2) ("It shall be an affirmative defense to actions under [the FCPA] that . . . the payment, gift, offer, or promise of anything of value that was made, was a reasonable and bona fide expenditure."); *see, e.g.*, U.S. Fifth Circuit 2.23 (2001 ed.) (providing a "preponderance of the evidence" burden of proof in the pattern instruction for the affirmative defense of withdrawal from a conspiracy); *Martin v. Ohio*, 480 U.S. 228, 234, 107 S. Ct. 1098, 1102 (1987) (Affirmative defense instructions must "convey to the jury that all of the evidence, including the evidence going to [the affirmative defense], must be considered in deciding whether there was a reasonable doubt about the sufficiency of the State's proof of the elements of the crime.").