UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | CRIMINAL NO. H-09-CR-629 |
| v. § | |
| § | |
| JOHN JOSEPH O'SHEA, § | |
| Defendant. § | |

## RESPONSE TO DEFENDANT O'SHEA'S FCPA JURY INSTRUCTIONS

The government's proposed jury instructions concerning the Foreign Corrupt Practices Act (FCPA) are more succinct (four pages compared to eleven) and more accurately track the statute than those provided by O'Shea.[1] In response to O'Shea's instructions, the government submitted revised proposed jury instructions with two modifications and lodges the following objections to extraneous inclusions and important omissions in O'Shea's instructions.

I.  GOVERNMENT'S REVISED FCPA JURY INSTRUCTIONS

The government has made two modifications to its proposed instructions. *See* DE 114. First, with respect to the second element, the government agrees with the defense that both "corruptly and willfully" should be included. *Id.* at 2. Second,

---

[1] Regarding O'Shea's other proposed jury instructions, the United States understands that the Court will propose its own general instructions and reserves any objections. The United States would note that O'Shea's proposed instruction 17, a unanimity of theory instruction, is uncalled for given that the multi-object conspiracy count of the indictment has been severed.

response to the language proposed by the defense, the government has added the following language to its proposed definition of "knowing": "The government must prove that the defendant knew or believed that the intended recipient of the payment was a foreign official." *Id.* at 4.

I. GOVERNMENT'S OBJECTIONS TO O'SHEA INSTRUCTIONS

    A. <u>O'Shea's Instructions Include Extraneous Language Not In The Statute</u>

O'Shea includes many extraneous phrases that would be both confusing to the jury and have no legal basis. First, O'Shea inserts the term "specifically intend" or "specific intent" into his instructions eleven times. Not only is the term "specific intent" found nowhere in FCPA, the term is also not defined in O'Shea's instructions. There is no need to insert this unnecessary legal term given the statutory mens rea requirements that are already part of the government's proposed instructions — "willfully," "corruptly," and "knowing."

Second, O'Shea attempts to graft additional elements onto the FCPA. For example, in multiple places, O'Shea introduces an "explicit 'quid pro quo'"

requirement (DE 94 at 34 and 35).[2] But the detailed, express provisions of the FCPA adequately articulate the quid pro quo nature of the bribery without resort to Latin.

Third, O'Shea inaccurately defines willfully as requiring that the defendant "acted with knowledge that his conduct violated United States law." DE 94 at 30. However, there is no such territoriality to willfulness. One commits a crime willfully if one acts with the intention of violating domestic or foreign law. The government's proposed instruction concerning "corruptly" and "willfully" is taken from the language approved by the Fifth Circuit in *United States v. Kay,* 513 F.3d 461, 463 (5th Cir. 2008).

Finally, much of the bulk of O'Shea's instructions come from separate definitions and explanations concerning each element. Given the Court's preference for brevity and simplicity, the necessary portions of these sections can be condensed

---

[2] O'Shea expounds on this "explicit quid pro quo" requirement as follows:

> The government must show that the payment, gift, or promise was knowingly offered to a foreign official with the specific intent and subjective expectation that, in exchange for the payment, gift, or promise, some act of a public official would be influenced. The payment, gift, or promise must be given with more than some generalized hope or expectation of ultimate benefit on the part of the defendant. Rather, the payment, gift, or promise must be offered with the specific intent and design to influence official action in exchange for the donation. There must be an actual, explicit "quid pro quo."

DE 94 at 34; *see also* DE 94 at 35. He further includes limiting language found nowhere in the statute concerning "reward[s] to a foreign official for past acts" and "generalized goodwill." DE 94 at 21. This language was originally invented by defendants in *United States v. Aguilar* and was rejected by that court. 2:10-CR-1031 DE 332 at 33-35.

and summarized as proposed by the government. It may be possible to condense these definitions further depending upon defense stipulations.

### B. O'Shea's Instructions Omit Important Statutory Language

Despite their length, O'Shea's instructions contain several omissions of important statutory language. First, the FCPA provides its own definition of "knowing" that includes constructive knowledge. However, O'Shea inappropriately includes only the first half of the constructive knowledge provision. DE 94 at 33. The Court should instruct the jury of the full definition that includes that a person is deemed to have knowledge "if a person is aware of a high probability of the existence of such circumstance, unless the person actually believes that such circumstance does not exist." 15 U.S.C. § 78dd-2(h)(3)(B).

Second, O'Shea leaves out one of the FCPA's possible corrupt purposes, namely "to secure any improper advantage." (DE 94 at 27, 34); 15 U.S.C. 78dd-2(a)(1). Although the statute's multiple corrupt purposes may be summarized (as the government has proposed in its instructions), including the corrupt purpose of securing an improper advantage is necessary to accurately reflect the breadth of the statute and makes the crime easier to understand.

Third, O'Shea omits statutory language in the FCPA making clear that it both prohibits payments to "any foreign official," 15 U.S.C. § 78dd-2(a)(1), and to "any

person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official," 15 U.S.C. § 78dd-2(a)(1). DE 94 at 26, 32. It is important to include both methods in the instructions, as the government has alleged that the bribe payments were made through intermediaries.

Finally, O'Shea proposes an affirmative defense of reasonable, bona fide expenditure. The FCPA provides an affirmative defense in situations when a foreign official receives a payment but it was made as "a reasonable and bona fide expenditure, <u>such as travel and lodging expenses</u>, incurred by or on behalf of a foreign official, party, party official, or candidate and was directly related to--
(A) the promotion, demonstration, or explanation of products or services; or
(B) the execution or performance of a contract with a foreign government or agency thereof." 15 U.S.C.§ 78dd-2(c)(2). O'Shea omits the underlined portion of the statutory language, which helps explain what "bona fide" means. In this case in which the payments in the charged counts purport to be for commissions and services (and not payments to foreign officials for travel and lodging), it is unlikely that O'Shea will be able to establish an evidentiary basis for this affirmative defense. If he does, the instruction should be modified to both better track the statute and be more understandable to a jury.

        Respectfully submitted,

        KENNETH MAGIDSON
        United States Attorney

        DENIS J. McINERNEY
        Chief
        Criminal Division, Fraud Section

        NICOLA J. MRAZEK
        Senior Trial Attorney

        \s\ Gregg Costa
        GREGG COSTA
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Gregg Costa, hereby certify that I have caused the Opposition to Motion for Sanctions to be served on defense counsel via ECF on November 14, 2011.

\s\ Gregg Costa
GREGG COSTA
Assistant United States Attorney