**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-09-CR-629** |
| | § | |
| **JOHN JOSEPH O'SHEA,** | § | |
| Defendant. | § | |

**GOVERNMENT'S PROPOSED LIMITING AND SPECIAL**
**INSTRUCTIONS & ADDITIONAL SUPPORT FOR JURY INSTRUCTION**

Per the Court's request, the government proposes five limiting and special

instructions and provides additional information supporting the government's

proposed FCPA jury instruction regarding the term "instrumentality."

**PROPOSED LIMITING & SPECIAL  INSTRUCTIONS**

*Instruction Concerning Exhibit 12G*

I have admitted Government Exhibit 12G, which concerns the purchase of a

boat in 2006, for the limited purpose of showing the nature of Sorvill, Sorvill's

bank account, and Nestor Moreno's relationship to and use of that bank account.

*Instruction Concerning Exhibit 15*

I have admitted Government Exhibit 15, which concerns the alleged

payment of $10,000 to a Commission official.  While not charged in Counts 2-13

of the indictment, you may still consider this evidence in assessing the defendant's

participation in and knowledge of the overall scheme alleged by the government.

### *Instruction Concerning Exhibit 16*

I have admitted Government Exhibit 16, which concerns a boat trip taken by Commission officials.  While the money allegedly promised or authorized by the defendant may or may not have been ultimately used to pay for the boat trip, a promise to pay or authorization of payment are also prohibited by the Foreign Corrupt Practices Act.  You should give this evidence such weight as you think it deserves.

### *Instruction Concerning Tracing*

During this trial, you have seen evidence concerning how certain money, which the government alleges were bribes, was transferred or deposited into certain bank accounts, and how certain money was later transferred or withdrawn from those bank accounts and used.  Once money has been deposited into an account and commingled with other funds, one cannot trace which dollars were used for which purposes.  The use of funds from a commingled account, however, may be considered by you as evidence to prove the ownership or nature of the account and/or the purpose and use of the money.  You should give this evidence such weight as you think it deserves.

*Instruction Concerning Invocation of the Fifth Amendment*[1]

The defense subpoenaed a witness in this case who has chosen to assert that witness's Fifth Amendment right under the Constitution.  The government has chosen not to grant him immunity.  Consequently, neither party was permitted to ask him questions at this trial, and you do not know how he would have answered.  However, you should draw no inferences from this witness's assertion of the Fifth Amendment for or against either party.

## ADDITIONAL SUPPORT FOR GOVERNMENT'S INSTRUCTION CONCERNING THE TERM "INSTRUMENTALITY"

The government's amended proposed FCPA instructions, DE 114, used the definition of instrumentality used in the California trial, which similarly issued a judicial notice concerning certain aspects of Mexican law in a case involving bribes from a manufacturing company to the Comision Federal de Electricidad, *United States v. Aguilar*, 10-CR-1031 (C.D. Cal. 2011), in May 2011:

> An "instrumentality" of a foreign government can include certain state-owned or state-controlled companies.

Similar versions of this instruction have been used in other FCPA cases.  *See United States v. Jefferson*, 1:07-CR-209 (E.D. Va. 2009) ("An instrumentality of a

---

[1] This instruction has been modified in light of the Court's comments on January 3, 2012 from the one originally proposed.  DE 136-2.

foreign government includes a government-owned or government-controlled company, such as commercial carriers, airlines, railroads, utilities, and telecommunications companies: Internet/telephone/television."); *United States v. Bourke*, 05-CR-518 (S.D.N.Y. 2009) ("An 'instrumentality' of a foreign government includes government-owned or government-controlled companies.").

At the hearing, the government stated that it would also supply other recent instructions on this issue. In *United States v. Esquenazi*, 09-CR-21010 (S.D. Fla. 2011), in August 2011, the Court admitted into evidence the relevant Haitian laws and instructed the jury:

> An "instrumentality" of a foreign government is a means or agency through which a function of the foreign government is accomplished. State-owned or state-controlled companies that provide services to the public may meet this definition. To decide whether Telecommunications D'Haiti or Teleco is an instrumentality of the government of Haiti, you may consider factors including but not limited to:
>
> (1) whether it provides services to the citizens and inhabitants of Haiti;
>
> (2) whether its key officers and directors are government officials or are appointed by government officials;
>
> (3) the extent of Haiti's ownership of Teleco, including whether the Haitian government owns a majority of Teleco's shares or provides financial support such as subsidies, special tax treatment, loans, or revenue from government-mandated fees;

(4) Teleco's obligations and privileges under Haitian law, including whether Teleco exercises exclusive or controlling power to administer its designated functions; and

(5) whether Teleco is widely perceived and understood to be performing official or governmental functions.

These factors are not exclusive, and no single factor will determine whether Telecommunications D'Haiti or Teleco is an instrumentality of a foreign government. In addition, you do not need to find that all the factors listed above weigh in favor of Teleco being an instrumentality in order to find that Teleco is an instrumentality.

In addition, the court in *United States v. Carson*, 09-CR-77 (C.D. Cal. 2011), has tentatively ordered that the following instruction will be used, which is consistent with that court's opinion on government instrumentalities under the FCPA that has previously been supplied to the Court.

An instrumentality of a foreign government is any entity through which a foreign government achieves a governmental end or purpose, as expressed in the policies of the foreign government, and can include state-owned entities. In determining whether an entity is an instrumentality of a foreign government, you should consider the following, none of which is exclusive:

(1) the circumstances surrounding the entity's creation;

(2) the foreign government's characterization of the entity, and whether the entity is widely perceived and understood to be performing official (i.e., governmental) functions;

(3) the degree of the foreign government's control over the entity, including the foreign government's power to appoint key directors or officers of the entity;

(4) the purpose of the entity's activities, including whether the entity provides a service to the citizens of the jurisdiction;

(5) the entity's obligations and privileges under the foreign country's law, including whether the entity exercises exclusive or controlling power to administer its designated functions;

(6) the status of employees under the foreign government's law, including whether the employees are considered public employees or civil servants.

(7) the extent of the foreign government's ownership of the entity, including the level of financial support by the foreign government (e.g., subsidies, special tax treatment, and loans);

These factors are not exclusive, and no single factor is dispositive. In addition, in order to conclude that an entity is an instrumentality of a foreign government, you need not find that all of the factors listed above weigh in favor of such a determination.

The government can provide copies of these instructions if the Court so desires.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

DENIS J. McINERNEY
Chief
Criminal Division, Fraud Section

CHARLES E. DUROSS
Deputy Chief

NICOLA J. MRAZEK
Senior Trial Attorney

\s\ Jason S. Varnado
JASON S. VARNADO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Jason S. Varnado, hereby certify that I have caused a copy of the

Proposed Supplemental Jury Instructions to be served on all counsel of record on

this matter via ECF on January 5, 2012.

\s\ Jason S. Varnado
JASON S. VARNADO
Assistant United States Attorney